IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| CARLA EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 3:16-cv-00864-DRH-DGW |
| | ) | |
| CITY OF COLUMBIA, IL., | ) | |
| Serve Attorney: Terry I. Bruckert | ) | |
| On behalf of the City of Columbia, IL. | ) | |
| 1002 East Wesley Drive, Suite 100 | ) | JURY TRIAL DEMANDED |
| O'Fallon, IL 62269 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOHN & JANE DOE PUBLIC EMPLOYEES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff, Carla Edwards, by and through the undersigned attorneys, and

for her cause of action against Defendants states and alleges as follows:

**THE PARTIES**

1.     Plaintiff, Carla Edwards, (hereinafter individually referred to as "Plaintiff") is,

and was at all times relevant hereto, a citizen of Columbia, County of Monroe, and State of

Illinois.

2.     The Defendant City of Columbia is a municipal corporation duly formed under

the laws of this state and within the Southern District of Illinois.

3.     On information and belief, Defendants John & Jane Doe Public Employees 1-10 are citizens of the state of Illinois and public employees, and therefore can be, and are sued for actions undertaken in their official governmental capacity.

## JURISDICTION AND VENUE

4.     This court has jurisdiction over the Plaintiff's federal claims pursuant to 28 USC §1331, and over her State law claims pursuant to 28 USC §1367(a).

5.     The Southern District of Illinois is the appropriate venue under 28 USC §1391(b)(2) because a significant portion of the events and admissions giving rise to the claims herein occurred in this district.

## FACTS

6.     Upon information and belief, at some point in or around September of 2015, the Chief of Police of the City of Columbia, Illinois while acting in his capacity as such for the Defendant City of Columbia, unlawfully accessed a cell-phone owned by, registered to, and whose bill was paid for by Plaintiff (hereinafter, "PLAINTIFF'S CELL-PHONE") seeking to obtain private communications stored therein.

7.     At no time was Plaintiff under official investigation by the Police or public authorities upon any grounds whatsoever.

8.     At no time was Plaintiff detained pursuant to a valid custodial arrest nor was any warrant issued or sought.

9.     The Chief of Police of the Defendant City of Columbia, Illinois accessed this information under color of state authority by utilizing Police resources and technology towards this end, including but not limited to the use of various cell-phone external items of software

and/or hardware of the sort collectively and generally known as "spy-ware" and the was all done in his capacity and pursuant to his position as Chief of Police.

10.     At no time did the Chief of Police of the Defendant City of Columbia, Illinois have express or constructive authorization on the part of Plaintiff to access this information stored on PLAINTIFF'S CELL-PHONE.

11.     Upon information and belief, at some point in or around October of 2015,  the Chief of Police of the  Defendant City of Columbia, Illinois compiled this information obtained without authorization on a thumb-drive, and while in uniform,  provided it to various other defendant Jane and John Doe Public Employees in various positions of authority.

12.     These Defendant Jane and John Doe public employees then utilized this improperly obtained information to contact various local and state public agencies including but not limited to Illinois Department of Children and Family Services (DCFS) in order to embarrass and institute investigations into plaintiff and plaintiff's private matters and family and in an attempt to adversely affect her employment status.

13.     Plaintiff's multiple attempts to discover how these various Jane Doe and John Doe defendant employees obtained access to the private communications stored on PLAINTIFF'S CELL-PHONE or who accessed the private communications were unsuccessful, as no representative of the Defendant City of Columbia, Illinois ever responded to her inquiries in this regard.

14.     Various Defendant Jane Doe and John Doe public employees "transcribed" certain electronic communications taken from PLAINTIFF'S CELL-PHONE in violation of plaintiff's statutory, constitutional and privacy rights.

15.     Various aspects of this conduct undertaken under the color of state authority were subsequently investigated by various State, County and City investigators.

## CLAIMS FOR RELIEF

## STATE LAW

### COUNT I—VIOLATION OF THE ILLINOIS EAVESDROPPING STATUTE
### 720 ILCS 5/14-6—DEFENDANTS JANE & JOHN DOE PUBLIC EMPLOYEES 1-10

16.     Plaintiff adopts and incorporates by reference all preceding paragraphs of this complaint, 1 through 15 inclusive, as if fully set forth herein.

17.     In or about late 2015 and/or early 2016, Defendants Jane and John Doe Public Employees 1-10 surreptitiously transcribed various private electronic communications stored on PLAINTIFF'S CELL-PHONE.

18.     Plaintiff, in all instances, whether as the sending or receiving party of these various communications, intended all of these communications to be private.

19.     Plaintiff had a reasonable expectation of privacy in these communications.

20.     Defendants Jane and John Doe Public Employees 1-10 were at all times and with regard to all such communications a non-party to them.

21.     As a result of these actions, Plaintiff sustained various forms of financial and emotional damages.

WHEREFORE, Plaintiff, Carla Edwards, respectfully prays this Court enter judgment against Defendants Jane and John Doe Public Employees 1-10 for actual and punitive damages as permitted by statute, attorneys' fees and expenses, together with her court costs and any and all such further relief the court deems just and proper.

### COUNT II—VIOLATION OF THE ILLINOIS EAVESDROPPING STATUTE

<u>720 ILCS 5/14-6—DEFENDANT CITY OF COLUMBIA, ILLINOIS</u>

22.     Plaintiff adopts and incorporates by reference all preceding paragraphs of this complaint, 1 through 21 inclusive, as if fully set forth herein.

23.     In or about September or October of 2015, the Chief of Police of the Defendant City of Columbia, Illinois surreptitiously intercepted, transcribed, and/or recorded various private electronic communications stored on PLAINTIFF'S CELL-PHONE.

24.     In or about late 2015 and/or early 2016, Defendants Jane and John Doe Public Employees 1-10 surreptitiously transcribed various private electronic communications stored on PLAINTIFF'S CELL-PHONE.

25.     Plaintiff, in all instances, whether as the sending or receiving party of these various communications, intended all of these communications to be private.

26.     Plaintiff had a reasonable expectation of privacy in these communications.

27.     The  Chief of Police of the Defendant City of Columbia, Illinois and Defendants Jane and John Doe Public Employees 1-10 were at all times and with regard to all such communications non-parties to them.

28.     Each instance of surreptitious interception, transcription, and/or recording was a willful and wanton act as that term is defined in Illinois' Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202.

29.     As a result of these actions, Plaintiff sustained various forms of financial and emotional damages.

WHEREFORE, Plaintiff, Carla Edwards, respectfully prays this Court enter judgment against Defendant City of Columbia, Illinois for actual and punitive damages as may be

permitted by statute, attorneys' fees and expenses, together with her court costs and any and all such further relief the court deems just and proper.

<u>COUNT III—INTRUSTION UPON SECLUSION—DEFENDANTS JANE & JOHN DOE PUBLIC EMPLOYEES 1-10</u>

30.     Plaintiff adopts and incorporates by reference all preceding paragraphs of this complaint, 1 through 29 inclusive, as if fully set forth herein.

31.     In or about late 2015 and/or early 2016, Defendants Jane and John Doe Public Employees accessed and publicly disseminated the contents of various private communications unlawfully obtained from PLAINTIFF'S CELL-PHONE.

32.     This intrusion into the private communications of plaintiff was entirely unauthorized.

33.     The intrusion into plaintiff's private communications at issue here would be offensive and/or objectionable to a reasonable person.

34.     This intrusion concerned entirely private matters.

35.     As a result of this intrusion, Plaintiff sustained various forms of financial and emotional damages.

WHEREFORE, Plaintiff, Carla Edwards, respectfully prays this Court enter judgment against Defendants Jane and John Doe Public Employees 1-10 for actual and punitive damages as permitted by statute, attorneys' fees and expenses, together with her court costs and any and all such further relief the court deems just and proper.

**<u>FEDERAL LAW</u>**

<u>COUNT IV—VIOLATION OF THE STORED COMMUNICATIONS ACT 18 U.S.C. § 2701 AND 42 U.S.C § 1983—DEFENDANTS JANE AND JOHN DOE PUBLIC EMPLOYEES 1-10 OF THE CITY OF COLUMBIA, ILLINOIS IN THEIR INDIVIDUAL CAPACITIES</u>

36.     Plaintiff adopts and incorporates by reference all preceding paragraphs of this complaint, 1 through 35 inclusive, as if fully set forth herein.

37.     Defendants Jane and John Doe public employees 1-10 in Illinois intentionally accessed PLAINTIFF'S CELL-PHONE, including but not limited to e-mails and text messages in the course of their employment and their regular duties therein, bringing their actions under the color of official authority.

38.     Various forms of data stored on a cell-phone, including but not limited text messages and e-mails, are electronic communications under the Stored Communications Acts.

39.     E-mails and text messages are electronic communications that are transmitted via an electronic communication service for purposes of the Stored Communications Act.

40.     E-mails and text messages are communications in Electronic Storage for purposes of the Stored Communications Act.

41.     The accessed communications in question were not accessible to the general public.

42.     Defendants Jane and John Doe Public Employees 1-10's intentional access was not authorized either explicitly or constructively by any party in a position to grant such authorization.

43.     Defendants Jane and John Doe Public Employees 1-10's intentional access of these stored electronic communications under the color of official authority gives rise to liability under 42 U.S.C. § 1983.

44.     As a result of these actions, Plaintiff sustained various forms of financial and emotional damages.

WHEREFORE, Plaintiff, Carla Edwards, respectfully prays this Court enter judgment:

(a)  In favor of plaintiff for compensatory damages against Defendants Jane and John Doe Public Employees 1-10;

(b)  In favor of plaintiff for punitive damages against Defendants Jane and John Doe Public Employees 1-10;

(c)

(d)  In favor of plaintiff for statutory damages against Defendants Jane and John Doe Public Employees 1-10;

(e)  In favor of Plaintiff for the cost of this lawsuit and attorneys' fees and expenses pursuant to 42 USC §1988; and

(f)  For any other relief this court deems just and proper.

## COUNT V—MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983 FOR VIOLATION OF THE STORED COMMUNICATIONS ACT 18 U.S.C. § 2701 —DEFENDANT CITY OF COLUMBIA, ILLINOIS

45.    Plaintiff adopts and incorporates by reference all preceding paragraphs of this complaint, 1 through 44 inclusive, as if fully set forth herein.

46.    The Chief of Police of the City of Columbia, Illinois, as the chief of police for Columbia, Illinois, possessed "final policy making authority" for purposes of establishing a "custom, practice, or policy" under 42 USC §1983.

47.    The Chief of Police of the Defendant City of Columbia, Illinois' actions in violating Plaintiff's rights under the Stored Communications Act while in a position of final policy making authority gives rise to Municipal liability under 42 USC §1983.

48.    Defendants Jane and John Doe Public Employees 1-10 engaged in this unauthorized access on multiple occasions, making it a "custom, practice, or policy" under 42 USC §1983.

49.     Defendants Jane and John Doe Public Employees 1-10  actions in repeatedly violating Plaintiff's rights under the Stored Communications Act 18 U.S.C. § 2701 gives rise to Municipal liability under 42 USC §1983.

WHEREFORE, Plaintiff, Carla Edwards, respectfully prays this Court enter judgment:

(a) In favor of plaintiff for compensatory damages against Defendant City of Columbia, Illinois;

(b) In favor of plaintiff for punitive damages against Defendant City of Columbia, Illinois;

(c) In favor of plaintiff for statutory damages against Defendant City of Columbia, Illinois;

(d) In favor of Plaintiff for the cost of this lawsuit and attorneys' fees and expenses pursuant to 42 USC §1988; and

(e) For any other relief this court deems just and proper.

## COUNT VI—ILLEGAL SEARCH & SEIZURE UNDER THE FOURTH AMENDMENT OF THE U.S. CONSTITUTION—DEFENDANT CITY OF COLUMBIA, ILLINOIS IN ITS OFFICIAL CAPACITY

50.     Plaintiff adopts and incorporates by reference all preceding paragraphs of this complaint, 1 through 49 inclusive, as if fully set forth herein.

51.     The Chief of Police of the Defendant City of Columbia, Illinois, as Chief of Police of Columbia, Illinois at all relevant times, had a legal obligation not to violate the constitutional rights of others while acting in his official capacity.

52.     The Chief of Police of the Defendant City of Columbia, Illinois utilized various police resources and technology to access the contents of PLAINTIFF'S CELL-PHONE.

53.     The Chief of Police of the Defendant City of Columbia, Illinois' access of the information in question was entirely unauthorized by Plaintiff, and Plaintiff had a reasonable expectation of privacy in these communications.

54.     Utilization of police resources and technology for such purposes constitute actions taken under color of official authority.

55.     At no time was Plaintiff the subject of any police investigation, much less a valid one undergirded by legitimate, substantial probable cause.

56.     At no time was Plaintiff the subject of a valid custodial arrest.

57.     Even if an individual is the subject of a valid police investigation or custodial arrest, Police must still obtain a search warrant to access the contents of cellular phones pursuant to *Riley v. California*, 134 S. Ct. 2473.

58.     As at the time of the warrantless search and seizure in question, clear Supreme Court precedent existed that such a search violated the Fourth Amendment of the U.S. Constitution, law enforcement officials were no longer able to argue a good faith uncertainty on this point of law.

59.     Regardless of clear precedent to the contrary, the Chief of Police of the Defendant City of Columbia, Illinois' conduct clearly violated Plaintiff's well-established federal Fourth Amendment right to be free from illegal searches and seizures.

60.     The  Chief of Police of the City of Columbia, Illinois, as the chief of police for Columbia, Illinois, possessed "final policy making authority" for purposes of establishing a "custom, practice, or policy" under 42 USC §1983.

61.     The Chief of Police of the Defendant City of Columbia, Illinois' actions violating Plaintiff's Fourth Amendment rights under the U.S. Constitution undertaken while he was in a position of final policy making authority give rise to Municipal liability under 42 USC §1983.

WHEREFORE, Plaintiff, Carla Edwards, respectfully prays this Court enter judgment:

(a) In favor of plaintiff for compensatory damages against Defendant City of Columbia, Illinois;

(b) In favor of plaintiff for punitive damages against Defendant City of Columbia, Illinois;

(c) In favor of Plaintiff for the cost of this lawsuit and attorneys' fees and expenses pursuant to 42 USC §1988; and

(d) For any other relief this court deems just and proper.

## COUNT VII—ILLEGAL SEARCH & SEIZURE UNDER THE FOURTH AMENDMENT OF THE U.S. CONSTITUTION—DEFENDANTS JANE & JOHN DOE PUBLIC EMPLOYEES 1-10 IN THEIR INDIVIDUAL CAPACITIES

62.     Plaintiff adopts and incorporates by reference all preceding paragraphs of this complaint, 1 through 61 inclusive, as if fully set forth herein.

63.     Defendants Jane and John Doe Public Employees 1-10 as employees of the Defendant City of Columbia, Illinois at all relevant times had a legal obligation not to violate the constitutional rights of students while acting in their official capacities.

64.     Defendants Jane and John Doe Public Employees 1-10 accessed the contents of PLAINTIFF'S CELL-PHONE without authorization, express or implied.

65.     At the time of its inception, the action of accessing the cell-phone in question was not justified, because Defendants Jane and John Doe Public Employees 1-10 had no basis for sufficient probable cause to conduct said search.

11

66.     At the time of access, the search in question was not reasonably related in scope to the circumstances which ostensibly justified the interference in the first place, because it was excessively intrusive in light of the circumstances.

67.     Plaintiff has a reasonable expectation of privacy in the context of the private text messages on PLAINTIFF'S CELL-PHONE.

68.     As a result of having no lawful basis to access PLAINTIFF'S CELL-PHONE, and because Plaintiff had a reasonable expectation of privacy in the communications in question, Defendants Jane and John Doe Public Employees 1-10 violated Plaintiff's federal Fourth Amendment right to be free from illegal searches and seizures.

WHEREFORE, Plaintiff, Carla Edwards, respectfully prays this Court enter judgment:

(a) In favor of plaintiff for compensatory damages against all Defendant Jane and John Doe Public Employees 1-10;

(b) In favor of plaintiff for punitive damages against Defendants Jane and John Doe Public Employees 1-10;

(c) In favor of Plaintiff for the cost of this lawsuit and attorneys' fees and expenses pursuant to 42 USC §1988; and

(d) For any other relief this court deems just and proper.

**BROWN & JAMES, P.C.**

/s/  Russell F. Watters
Russell F. Watters, Mo. #25758MO, #2951274IL
800 Market Street, Suite 1100
St. Louis, Missouri 63101-2501
314-421-3400 – Phone
314-421-3128 – Fax
rwatters@bjpc.com
*Attorneys for Plaintiff Carla Edwards*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of August, 2016, I have sent via electronic mail and U.S. Mail, per his notification of accepting service, a copy of the above and foregoing to:

Terry I. Bruckert
Bruckert, Gruenke & Long, P.C.
1002 East Wesley Drive
Suite 100
O'Fallon, IL 62269
tib@bglattorneys.com
*Counsel for City of Columbia*

/s/  Russell F. Watters

#13103942

13